# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF SHOPMEN'S LOCAL 527 PENSION and BENEFIT FUNDS,<br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ALLEN GAUGE AND TOOL COMPANY; ALLEN GAUGE & TOOL CO. ET.AL. REAL ESTATE PARTNERSHIP; CHARLES H. ALLEN III; CHARLES H. ALLEN IV; LINDA RAE SAHENE; AND GAIL E. ALLEN, Individually, jointly and severally.<br><br>　　　　　　　Defendants. | No.: 2:19-CV-1319<br><br>COMPLAINT<br><br>ELECTRONICALLY FILED<br><br><br><br>Filed on Boards of Trustees of Shopmen's Local 527 Pension and Benefit Funds<br><br>Counsel of Record for this Party:<br><br>Stephen J. O'Brien Esq.<br>PA ID # 59204<br>Andrew L. Ciganek, Esq.<br>PA ID # 323710<br><br>Stephen J. O'Brien & Associates<br>650 Ridge Road, Suite 400<br>Pittsburgh, PA 15205<br>(412) 788-7560 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF SHOPMEN'S LOCAL 527 PENSION and BENEFIT FUNDS,<br>      Plaintiffs,<br><br> v.<br><br>ALLEN GAUGE AND TOOL COMPANY; ALLEN GAUGE & TOOL CO. ET.AL. REAL ESTATE PARTNERSHIP; CHARLES H. ALLEN III; CHARLES H. ALLEN IV; LINDA RAE SAHENE; AND GAIL E. ALLEN, Individually, jointly and severally.<br><br>      Defendants. | No.:<br><br>COMPLAINT<br><br>ELECTRONICALLY FILED |

   **AND NOW COMES** the Plaintiffs, the Boards of Trustees of the Shopmen's Local 527 Pension and Benefit Funds (hereinafter "Plans or Funds"), by and through its attorneys Stephen J. O'Brien, Esq., Andrew L. Ciganek, Esq., and the law firm of Stephen J. O'Brien & Associates, LLC and files this Complaint pursuant to the Labor-Management Relations Act, 29 U.S.C. §185 and §502(a)(2) and (a)(3) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132 and §§1381-1453 and federal and state common law for equitable relief and damages, averring the following:

**PARTIES AND JURISDICTION**

   1.  Plaintiffs, the Boards of Trustees of the Shopmen's Local 527 Pension and Benefit Funds, are the "named fiduciary" of the Plans as defined by ERISA § 402(a)(2). The Plans are employee benefit plans within the meaning of the Retirement Income Security Act of

1

1974 (ERISA), 29 U.S.C. §1002(1)(2) (3) (21), §1009 (c) (1) (b) and §1132, and brings this action on behalf of the Boards of Trustees, the Plans, their participants and beneficiaries.  The Pension Plan is a Defined Benefit Pension Plan, and the Benefit Plan is an Welfare Benefit Plan within the meaning of ERISA Section 2(1), 29 U.S.C. § 1002(1) and a multiemployer plan within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37).  The Plans conduct business and maintain an office at 650 Ridge Road, Suite 100, Pittsburgh, PA 15205.

2. Defendant Allen Gauge and Tool Company (hereafter "Defendant" or "Allen Gauge") is engaged in the business of operating a plant involved in the fabrication of iron, steel, metal and other products, with its principal office and address at 421 North Braddock Avenue, Pittsburgh, PA 15208.

3. Defendant Allen Gauge & Tool Co. et.al. Real Estate Partnership (hereafter "Defendant" or "Allen Gauge Partnership") is a partnership of the principals and owners of Defendant Allen Gauge, with its principal office and address at 421 North Braddock Avenue, Pittsburgh, PA 15208.

4. Defendant Charles H. Allen III, is an adult individual and an owner, principal officer, or decision maker of Allen Gauge and a beneficiary of the Allen Gauge Partnership, with an address at 421 North Braddock Avenue, Pittsburgh, PA 15208.

5. Defendant Charles H. Allen IV, is an adult individual and a principal officer or decision maker of Allen Gauge, with an address at 173 Alcan Drive, Pittsburgh, PA 15239.

6. Defendant Linda Rae Sahene, is an adult individual and an owner, principal officer, or decision maker of Allen Gauge and a beneficiary of the Allen Gauge Partnership, with an address at 233 Union Green Drive, Verona PA 15147.

7. Defendant Gail E. Allen, is an adult individual and an owner, principal officer, or decision maker of Allen Gauge and a beneficiary of the Allen Gauge Partnership, with an address at 820 9th Street, Oakmont, PA 15139.

8. Jurisdiction is conferred on this Court by the Labor-Management Relations Act, 29 USC §185, and also by the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC §1132, in that the Plaintiffs are aggrieved by the Defendants' violation of the collective bargaining agreement with the Shopmen's Local 851, (hereinafter "Union") Local Union No. 527 having merged into Local 851, and the Defendants' intent to make a complete withdrawal from contributing to the Plaintiff pension plan, 29 U.S.C. §1381-1453, either by the failure to make payments indicating the inability to continue operations and/or the intent to sell operations, assets and cease contributing to the pension plan.

9. The Defendant Allen Gauge and Tool Company is a signatory to a Collective Bargaining Agreement with the Shopmen's Local 851.  The Agreement is dated and effective March 14, 2018 (Exhibit 1) and continues through and including March 13, 2020, requiring hourly contributions for employees to the Plaintiff Pension and Welfare employee benefit plans.

## Count I
### Boards of Trustees of Shopmen's Local 527 Pension Fund and Shopmen's Local 527 Benefit Fund v. Allen Gauge and Tool Company

### ERISA Collection Action

10. Under the terms of the Collective Bargaining Agreement, the Defendant Allen Gauge is required to pay into the Funds certain sums of money for the Defendant Allen Gauge's employees that perform classified work, with payments to be made by the 10th day of each month, (section 14(E) of the Collective Bargaining Agreement), covering the amounts due for the preceding month's operations, and to furnish monthly reports showing the hours worked.

11. The Plaintiffs allege that the Defendant Allen Gauge has failed to make payment of amounts due the Funds for classified work performed by the Defendant's employees during the period October 2018 through September 2019, failed to pay interest on past late payments, totaling $118,754.48, plus administrative expenses; legal fees; costs of litigation and collection; and withdrawal liability estimated to be in excess of $501,055.00

12. Based upon contribution reports submitted by Defendant Allen Gauge and/or an informal audit of its records, and/or pay stubs or Steward Reports by the Plaintiffs or its' auditors, the Plaintiffs allege that there became due and owing the sum of $118,754.48 for fringe benefits and late payment charges. The actuary calculated the withdrawal liability for Defendants as of December 31, 2017 as $501,055.00, although the sum is expected to increase considering the market value of pension investments as of 12/31/2018. The precise amount of withdrawal liability is based upon the year of the Defendants' withdrawal from the Pension Fund and has not been finalized by the Plan Actuary.

13. The Plaintiffs further allege that the Defendant's failure to submit payment when due has caused the Plaintiff to suffer indeterminate loss of investment income and additional administrative expenses.

14. The Plaintiffs further allege that the amount due and owing continues to increase monthly due to loss of investment income, interest charges, liquidated damages and additional unpaid fringe benefits while employees of the Union continue to work.

15. The Plaintiffs are without an adequate remedy at law, and will suffer immediate, continuing and irreparable injury, loss and damage unless the Defendant Allen Gauge is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, the Defendant's Collective Bargaining

Agreement, and is restrained from continuing to refuse to perform as required.  Additionally, it is believed that Defendant Allen Gauge does not intend to continue operations and/or intends to sell the assets without payment of the outstanding amounts owed to Plaintiffs.

16. The Plaintiffs seek reimbursement of legal expenses, for enforcement of the employee benefit sections of the Collective Bargaining Agreement as provided by the contract and ERISA, attorney's fees in the amount of $5,000.00, plus costs and ongoing attorney's fees.

**WHEREFORE**, the Plaintiff demands the following relief:

a. A money judgment in favor of the Plaintiffs and against the Defendant Allen Gauge, in the amount of $118,754.48, plus attorney's fee of $5,000.00, plus costs;

b. Administration and Audit costs and other costs and disbursements in this action;

c. Interest on the above mentioned amount, calculated pursuant to the provisions of the Defendant's collective bargaining agreement, from the date it became due and owing;

d. Attorney fees for further litigation preparation;

e. Interest on the above amount from the date it became due and owing;

f. For payment in full of any additional amounts that may become due while these proceedings are pending;

g. That the Court retain jurisdiction of this case pending compliance with its orders;

h. For an Injunction against Defendants selling any assets and freeze upon all assets of all defendants until payment of fringe benefits is made, withdrawal liability assessed and payment collected.

i. For such other and further relief as the Court may deem just.

### Count II
### Boards of Trustees of Shopmen's Local 527 Pension Fund
### and Shopmen's Local 527 Benefit Fund v. Charles H. Allen,III and Charles H. Allen,IV and Linda Rae Sahene and Gail E. Allen;

### ERISA Breach of Fiduciary Duty to Action

5

17.     The averments contained in paragraphs 1 through 16 are hereby incorporated by reference herein.

18.     At all times material hereto, defendants Charles H. Allen,III and Charles H. Allen, IV and Linda Rae Sahene and Gail E. Allen are owners, and/or principal officers, and/or decision makers of Allen Gauge and Tool Company.

19.     As the owners, and/or principal officers, and/or decision makers of Allen Gauge and Tool Company, Defendants are responsible for collection of all monies payable to Allen Gauge resulting from the labor performed by members of Shopmen's Local 851 covered under Collective Bargaining Agreement(s).

20.     As the owners, and/or principal officer, and/or decision maker of Allen Gauge and Tool Company Defendant Charles H. Allen, III was responsible for submitting monthly Remittance Reports and fringe benefit contributions to the Plaintiffs.

21.     As the owner, and/or principal officers, and/or decision makers of Allen Gauge and Tool Company Defendants had the authority to make decisions as to what obligations and/or payments of Allen Gauge were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

22.     At the time, the fringe benefit contributions became due and payable by Allen Gauge to the Plans, such monies became assets of the Plans.

23.     Based upon the foregoing, Defendant Charles H. Allen III and Charles H. Allen IV and  Linda Rae Sahene and Gail E. Allen each constitute a "fiduciary" under ERISA.

24. Defendants breached their fiduciary duty to the Plans by failing to pay to the Plaintiffs such contributions once they became due and payable and are therefore liable for all Pension and Welfare benefits and associated interest, contractual damages, attorneys' fees and legal costs owed by Allen Gauge to the Plaintiffs.

25. Plaintiffs have demanded from Defendant Allen Gauge payment of all such amounts due, but such defendants have neglected and continue to neglect to pay such amounts.

**WHEREFORE**, Plaintiffs demand judgment be entered against Defendants Charles H. Allen III and Charles H. Allen IV and Linda Rae Sahene and Gail E. Allen, individually and jointly in the amount of $118,754.48, plus attorney's fee of $5,000.00 plus costs.

**Count III**
**Boards of Trustees of Shopmen's Local 527 Pension Fund**
**and Shopmen's Local 527 Benefit Fund v. Charles H. Allen,III and Charles H. Allen,IV**
**and Linda Rae Sahene and Gail E. Allen;**

**State Common Law Conversion Action**

26. The averments contained in paragraphs 1 through 25 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in the Count pursuant to 28 U.S.C. §1367.

27. Pursuant to its collective bargaining agreement with Shopmen's Local 851, Allen Gauge owes contributions for employee's fringe benefits that were required to be remitted to the Plaintiffs.

28. In violation of such Agreement, Allen Gauge failed to remit such contributions to the Plaintiffs.

29. At all times relevant to this action, Defendants Charles H. Allen III and Charles H. Allen IV and Linda Rae Sahene and Gail E. Allen as the owners, and/or principals, and/or

decision makers of Allen Gauge, had the authority and the responsibility to remit such contributions to the Plaintiffs.

30. Defendants Charles H. Allen III and Charles H. Allen IV and Linda Rae Sahene and Gail E. Allen exercised dominion and control over the contributions owed and authorized and/or permitted such monies to be used to pay other obligations of Allen Gauge and/or personal debts of Defendants.

31. Based on the foregoing, Defendants Charles H. Allen III and Charles H. Allen IV and Linda Rae Sahene and Gail E. Allen intentionally converted such monies that were rightfully due and payable to the Plaintiffs.

32. Plaintiffs are also entitled to receive from Defendants interest on all monies due since initial delinquency, and late payments fees, plus additional interest thereafter.

**WHEREFORE**, Plaintiff demands entry of judgment in its favor and against Defendant Charles Allen in the amount of $118,754.48, plus interest, costs of suit and attorney's fees of $5,000.00.

### Count IV
### Boards of Trustees of Shopmen's Local 527 Pension Fund and Shopmen's Local 527 Benefit Fund
### v. Allen Gauge and Tool Company

### Withdrawal Liability

33. The averments contained in paragraphs 1 through 32 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in the Count pursuant to 28 U.S.C. §1367.

34. Pursuant to its collective bargaining agreement with Shopmen's Local 851, Allen Gauge is liable for contributions to a defined benefit pension plan for its union employees.

35. ERISA and the Multi-employer Pension Plan Amendment Act (MPPAA) of 1980 sets forth the manner for calculating withdrawal liability for an employer participating in a Multi-employer Defined Benefit Pension Plan. ERISA located at 29 U.S.C. §1001, et seq. and the MPPAA at 29 U.S.C. §1381 - §1453.

36. The MPPAA provides that Multiemployer Pension Trusts, Plaintiff Pension Plan, are subject to the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA). The MPPAA requires the Plan to assess contributing employers (defendants) withdrawing from a multiemployer plan their share of the Plan's Unfunded Vested Benefit Liability (UVBL).

37. Defendants are an "Employer" pursuant to the MPPAA, which is an entity employing workers for whom contributions are required to be made to a multiemployer plan.

38. "Withdrawal" under the MPPAA occurs when an employer ceases to have an obligation to contribute to the multiemployer plan. In the matter at hand, the withdrawal is occurring as Defendants operations will be unable to continue without payment of the amounts owed as labor will no longer be supplied to the employer and it is believed that the employer/defendants are seeking a sale of the company and/or its assets without provision for the payment of its Withdrawal Liability. The "withdrawal" may be due to termination of the collective bargaining relationship, or going out of business ("Complete Withdrawals").

39. "Unfunded Vested Benefit Liability" is a calculation of The Pension Plan's "Vested Benefit Liability" against The Pension Plan's assets. The valuation of the Pension Plan's assets can be based on market value or actuarial value of the assets. Once a withdrawal

9

has occurred, liability is calculated based upon The Pension Plan's funded status as of the end of the plan year immediately preceding the withdrawal.

40. Shopmen's Local Union No. 851 notified the Defendants, pursuant to terms of the collective bargaining agreement, that the supply of labor will be withdrawn no sooner than 20 days after the notification and such will result in a withdrawal from the Pension Plan, unless the Defendants pay the amounts owed in full to return the work force, and therefore withdrawal liability would be calculated as of the end of the last plan year, which ended 12/31/2018.

41. The plan actuary calculates withdrawal liability using a Modified Presumptive Method based on the fair market value of Plan assets. A De minimis reduction is not applicable to the amount owed by Defendants.

42. The Plan cannot send a finalized Notice of Liability to date, since it must wait for the completion of the Pension Plan's actuary to perform a final calculation of withdrawal liability considering the Market Valuation of assets and vested liabilities as of 12/31/2018. The Withdrawal Liability of the Defendants is expected to be greater than the Withdrawal Liability calculated as of 12/31/2017 of $501,055.00.

43. The actuary calculated the withdrawal liability for Defendants as of December 31, 2017 as $501,055.00. The precise amount of withdrawal liability based upon a 2019 withdrawal of Defendants from the Pension Fund is in the process of completion.

**WHEREFORE**, Plaintiff Pension Plan demands entry of judgment in its favor and against Defendants in the amount to be determined in excess of $501,055.00, plus interest, costs of suit and attorney's fees of $5,000.00. In addition, it is requested the court order the defendants and any and all persons acting for or on behalf of the defendants to be restrained and enjoined from violating the Employee Retirement Income Security Act of 1974 (ERISA), 29

USC §1001-1381, The Multi-employer Pension Plan Amendment Act (MPPAA  29 USC §1381 - §1453, and the defendant's collective bargaining agreement with the Shopmen's Local Union No. 851 and the trusts created therein. It is further requested that all assets of all defendants be frozen until such time as payment to Plaintiff Pension Plan is made.

## Count V
### Boards of Trustees of Shopmen's Local 527 Pension Fund and Shopmen's Local 527 Benefit Fund v. Charles H. Allen,III and Linda Rae Sahene and Gail E. Allen

**Collection Action, Withdrawal Liability Action and  Injunction.**

44. The averments contained in paragraphs 1 through 43 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in the Count pursuant to 28 U.S.C. §1367.

45. At all times relevant to this action, Defendants Charles H. Allen III and Linda Rae Sahene and Gail E. Allen Charles Allen are the owners of Defendant Allen Gauge and Tool Company.

46. Although Allen Gauge and Tool Company lists the owner as R.Robert Allen, deceased, the probate records of R.Robert Allen indicate that he is a 1/3 owner of the Defendant Company and its Common Stock, Preferred Stock and the real estate which leases the Plant to Allen Gauge and Tool Company.  The probate records reveal that R.Robert Allen bequeath his 1/3 interests to his spouse Gail Elizabeth Allen

**WHEREFORE**, Plaintiff demands entry of judgment in its favor and against Defendants Charles H. Allen, III and Linda Rae Sahene and Gail E. Allen for delinquent contributions owed of $118,754.48 plus an amount to be determined in excess of $501,055.00 for Withdrawal Liability, plus interest, costs of suit and attorney's fees of $5,000.00.  In

addition, it is requested the court order the defendants and any and all persons acting for or on behalf of the defendants to be restrained and enjoined from violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, The Multi-employer Pension Plan Amendment Act (MPPAA  29 USC §1381 - §1453, and the defendant Allen Gauage's collective bargaining agreement with the Shopmen's Local Union No. 851 and the trusts created therein. It is further requested that all assets of all defendants be frozen until such time as payments to Plaintiffs are made.

                                            Stephen J. O'Brien and Associates

                                            By:  s/ Andrew Ciganek
                                                      Stephen J. O'Brien, Esq.
                                                        Andrew Ciganek, Esq.
                                                        Attorneys for Plaintiffs
                                                        650 Ridge Road, Suite 400
                                                        Pittsburgh, PA 15205
                                                        (412) 788-7560
                                                        (412) 788-7563 fax